[No. 6320.]

## HORACE WILSON v. THE SOUTHERN PACIFIC RAILROAD COMPANY.

AUTHORITY OF ATTORNEY.—An attorney who has been employed by the depositary to defend an action brought by the depositors for the destruction of the deposit, as provided in sec. 1838 of the Civil Code, has no authority by virtue of his employment to make *in pais* admissions or statements in respect to the circumstances under which the destruction occurred that are binding upon the depositary.

IRRELEVANT EVIDENCE.—Such admissions are irrelevant and immaterial evidence, and objections upon that ground are sufficient.

APPEAL from the District Court of the Twentieth Judicial District, San Benito County.

The action was brought in accordance with sec. 1838 of the Civil Code, to recover the value of twenty-two thousand two hundred and seventy-five pounds of wool, alleged to have been stored in the defendant's warehouse at Hollister, and destroyed by fire in January, 1876, through the negligence of the defendant, its agents, servants, and employees. After the defendant had answered, the plaintiff served upon the attorney for defendant a demand to be informed of the circumstances under which the loss and injury to the wool mentioned in the complaint occurred. In reply, the attorney for the defendant addressed a letter to the plaintiff and his attorneys, signed as attorneys for defendant, and stating : " You are hereby informed that the circumstances under which the loss and injury of the wool mentioned in the complaint in said action occurred, so far as the defendant has information concerning them, are as follows: That said loss and injury to said wool was caused by fire, in the burning of defendant's warehouse—in which said wool was stored—on the 5th day of January, 1876, in the night time. Said fire is supposed to have been the work and act of an incendiary. That defendant, nor any of its officers, have no knowledge of the cause or origin of said fire, except that said fire occurred without any fault or neglect on the part of defendant or any of its servants."

At the trial, the plaintiff offered this letter in evidence, to

show that the defendant had admitted the burning of the wool, but failed to state the circumstances as required.   The defendant objected on the ground that the admissions were, made without authority, and the letter was therefore irrelevant and immaterial.   Objection was overruled, and the evidence was admitted.   Judgment was subsequently rendered for the plaintiff.   The defendant moved for a new trial, which was denied, and he appealed.

*F. E. Spencer* and *Robert Robinson,* for Appellant.

*Moore, Laine & Leib,* for Respondent.

By the Court:

Sec. 1838 of the Civil Code is as follows: "If a thing is lost or injured during its deposit, and the depositary refuses to inform the depositors of the circumstances under which the loss or injury occurred, so far as he has information concerning them, or willfully misrepresents the circumstances to him, the depositary is presumed to have willfully or by gross negligence permitted the loss or injury to occur."

The section authorizes a written or oral demand for information upon the depositary.   It provides for a proceeding *in pais,* which may be taken before or after an action is commenced, and it is not within the province or authority of the *attorney at law* employed by the depositary to defend an action brought by the depositor for the destruction of the deposit, to make *in pais* admissions or statements in respect to the circumstances under which the destruction occurred, which are binding upon the depositary.

The Court below should have sustained the objections of defendant to the written demand served upon the attorney for defendant in this action and the answer thereto, inasmuch as the demand was served on no person other than such attorney.   As there was an entire want of authority on the part of the attorney, the objection that the demand and response were irrelevant and immaterial was sufficient.

Judgment and order reversed, and cause remanded for a new trial. Remittitur forthwith.